# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER GOODWIN SR., | Case No. 2:24-cv-00386-CDS-NJK |
| Plaintiff(s), | **ORDER** |
| v. | |
| THE SIEGEL GROUP NEVADA INC., | |
| Defendant(s). | |

Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1.

**I.**  ***In Forma Pauperis* Application**

Plaintiff filed an affidavit required by § 1915(a). Docket No. 1. Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the application to proceed *in forma pauperis* (Docket No. 1) will be granted pursuant to 28 U.S.C. § 1915(a). The Clerk's Office is further **INSTRUCTED** to file the complaint on the docket.

**II.   Screening the Complaint**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is

essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

The Court construes Plaintiff's complaint as bringing a claim under Title VII for racial discrimination. *See* Docket No. 1-1 at 3 (alleging jurisdiction for "discrimination on the basis of race, color" (capitalization omitted)); *id.* at 4 (alleging "wrongful termination due to race" (capitalization omitted)).[1] To establish a prima facie case of racial discrimination, a plaintiff must show that: (1) he belongs to a class of persons protected by Title VII; (2) he performed his job satisfactorily; (3) he suffered an adverse employment action; and (4) the employer treated the plaintiff differently than a similarly situated employee who does not belong to the same protected class as the plaintiff. *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006). When a complaint does not plead a *prima facie* case for discrimination, courts may still look to

---

[1] The complaint references the 14th Amendment to the United States Constitution, Docket No. 3-1 at 3, but Plaintiff has not stated a claim based thereon. Constitutional violations may form the basis of a claim under 42 U.S.C. § 1983, but only when the defendant is a state actor operating under color of law. *See, e.g.*, *Simmons v. Sacramento Cnty. Sup. Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003). The complaint also references potential state law claims, such as breach of contract or wrongful termination, but it is not clear that subject matter jurisdiction would exist for such claims if Plaintiff is unable to state a claim under federal law. Hence, the Court focuses its analysis herein on the potential federal cause of action for race discrimination under Title VII.

those elements "to decide, in light of judicial experience and common sense, whether the challenged complaint contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Fitch v. San Francisco Unified Sch. Dist.*, 2015 WL 6551668, at *5 (N.D. Cal. Oct. 29, 2015) (quoting *Achal v. Gate Gourmet, Inc.*, 2015 WL 4274990, at *7 (N.D. Cal. July 14, 2015)).

The complaint here alleges that Plaintiff was terminated due to race, but it has not otherwise pled the requirements for a *prima facie* racial discrimination claim. Moreover, the complaint does not provide the basic factual contours of the claim to provide notice as to its premise.

Accordingly, the complaint fails to state a claim on which relief may be granted. Because the Court cannot say that amendment would be futile, Plaintiff is afforded an opportunity to file an amended complaint if the deficiencies identified above can be corrected.

### III. Conclusion

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's application to proceed *in forma pauperis* (Docket No. 3) is **GRANTED**. Plaintiff shall not be required to pay the filing fee. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

2. The Clerk's Office is **INSTRUCTED** to file Plaintiff's complaint on the docket.

3. Plaintiff's complaint is **DISMISSED** with leave to amend. Plaintiff will have until **May 10, 2024**, to file an amended complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the

3

case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to file an amended complaint by the deadline set above will result in the recommended dismissal of this case.**

IT IS SO ORDERED.

Dated: April 10, 2024

Nancy J. Koppe
United States Magistrate Judge