# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER GOODWIN SR., | Case No. 2:24-cv-00386-CDS-NJK |
| Plaintiff(s), | **ORDER** |
| v. | |
| THE SIEGEL GROUP NEVADA INC., | |
| Defendant(s). | |

On April 10, 2024, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e). Docket No. 6. The Court construed Plaintiff's complaint as bringing a claim under Title VII for racial discrimination, but determined that it failed to allege the basic factual contours of the claim to provide notice as to the factual premise of that claim or to state a claim for relief. Docket No. 6 at 3.[1] Accordingly, the Court dismissed the complaint and afforded Plaintiff the opportunity to file an amended complaint if the deficiencies identified above could be corrected. *Id.* Plaintiff filed an amended complaint, Docket No. 8, which the Court screens herein.

A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."

---

[1] The Court previously explained that a *prima facie* case of racial discrimination is stated by showing that: (1) he belongs to a class of persons protected by Title VII; (2) he performed his job satisfactorily; (3) he suffered an adverse employment action; and (4) the employer treated the plaintiff differently than a similarly situated employee who does not belong to the same protected class as the plaintiff. Docket No. 6 at 2 (citing *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006)). When a complaint does not plead a *prima facie* case for discrimination, courts may still look to those elements "to decide, in light of judicial experience and common sense, whether the challenged complaint contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Fitch v. San Francisco Unified Sch. Dist.*, 2015 WL 6551668, at *5 (N.D. Cal. Oct. 29, 2015) (quoting *Achal v. Gate Gourmet, Inc.*, 2015 WL 4274990, at *7 (N.D. Cal. July 14, 2015)).

1

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Litigants are required to provide a short, plain statement of their claims setting forth coherently who is being sued, for what relief, and on what theory, with enough detail to guide discovery, *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). Although the pleadings of *pro se* litigants are construed liberally, they must still comply with this requirement. *E.g.*, *Montgomery v. Las Vegas Metro. Police Dept.*, 2014 WL 3724213, at *3 n.3 (D. Nev. July 28, 2014). When litigants have not complied with the dictates of Rule 8(a), courts may dismiss the complaint *sua sponte*. *See, e.g.*, *Apothio, LLC v. Kern Cnty.*, 599 F. Supp. 3d 983, 1000 (E.D. Cal. 2022) (collecting cases).

The Court has already determined that Plaintiff's prior recitation of the factual allegations is insufficient to state a claim for relief. *See* Docket No. 6 at 3. Rather than filling in the factual gaps in Plaintiff's claim, the amended complaint appears to include the same recitation of allegations. *Compare* Docket No. 8 at 4 (amended complaint) *with* Docket No. 7 at 4 (initial complaint). The amended complaint then attaches dozens of pages of exhibits. *See* Docket No. 8 at 6-60. Attaching exhibits is not a substitute for providing a short, plain statement of the claims. *See Carroll v. Spearman*, 2018 WL 1392119, at *3 (E.D. Cal. Mar. 20, 2018) (explaining that "[t]he court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant"), *adopted*, 2018 WL 2716939 (E.D. Cal. June 6, 2018); *see also United States ex rel. Garst v. Lockheed–Martin*, 328 F.3d 374, 378 (7th Cir. 2003) ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud").

For these reasons, the amended complaint is **DISMISSED** with leave to amend. The Court does not require evidence in support of Plaintiff's claims at this time, but rather a short, plain statement showing that he has a colorable claim on which to proceed. Any second amended complaint must be filed by <u>September 23, 2024</u>.

If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. Local

Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading.  Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

**Failure to file a second amended complaint by the deadline set above may result in dismissal of this case.**

IT IS SO ORDERED.

Dated: August 23, 2024

Nancy J. Koppe
United States Magistrate Judge