1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CHRISTOPHER GOODWIN SR.,

      Plaintiff(s),

v.

THE SIEGEL GROUP NEVADA INC.,

      Defendant(s).

Case No. 2:24-cv-00386-CDS-NJK

**REPORT AND RECOMMENDATION**

    On April 10, 2024, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e). Docket No. 6. The Court construed Plaintiff's complaint as bringing a claim under Title VII for racial discrimination, and determined that it failed to allege the basic factual contours of the claim to provide notice as to the premise of that claim or to state a claim for relief. Docket No. 6 at 3.[1] Accordingly, the Court dismissed the complaint and afforded Plaintiff the opportunity to file an amended complaint if these deficiencies could be corrected. *Id.* Plaintiff filed an amended complaint. Docket No. 8.

    On August 23, 2024, the Court screened Plaintiff's amended complaint. Docket No. 9. The Court determined that the amended complaint failed to cure the prior deficiencies because it did not provide further factual allegations. *See id.* at 2. Instead, the amended complaint simply attached dozens of pages of exhibits. *See id.* As a result, the Court dismissed the amended

---

[1] The Court previously explained that a *prima facie* case of racial discrimination is stated by showing that: (1) he belongs to a class of persons protected by Title VII; (2) he performed his job satisfactorily; (3) he suffered an adverse employment action; and (4) the employer treated the plaintiff differently than a similarly situated employee who does not belong to the same protected class as the plaintiff. Docket No. 6 at 2 (citing *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006)). When a complaint does not plead a *prima facie* case for discrimination, courts may still look to those elements "to decide, in light of judicial experience and common sense, whether the challenged complaint contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Fitch v. San Francisco Unified Sch. Dist.*, 2015 WL 6551668, at *5 (N.D. Cal. Oct. 29, 2015) (quoting *Achal v. Gate Gourmet, Inc.*, 2015 WL 4274990, at *7 (N.D. Cal. July 14, 2015)).

complaint with leave to amend. *Id.* The Court explained that it "does not require evidence in support of Plaintiff's claims at this time, but rather a short, plain statement showing that he has a colorable claim on which to proceed." *Id.* The Court required that a second amended complaint had to be filed by September 23, 2024, *id.*, and warned that failing "**to file a second amended complaint by the deadline set above may result in dismissal of this case,**" *id.* at 3 (emphasis in original). Despite that warning, Plaintiff has not filed a second amended complaint and the deadline to do so has expired.

Accordingly, the undersigned **RECOMMENDS** that this case be **DISMISSED** without prejudice.

Dated: September 26, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

## <u>NOTICE</u>

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).